IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ALLEGHENY HEALTH EDUCATION ) | |
| AND RESEARCH FOUNDATION, et al., ) | Civil Action No. 06-1469 |
|     Debtors ) | Bankruptcy No. 98-25773 |
| ) | |
| _____ ) | |
| ) | |
| WILLIAM J. SCHARFFENBERGER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 06-2031 |
| UNITED STATES, ) | |
|     Defendant. ) | |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                December 16, 2006

    This is an action challenging a party's federal tax liability. The Chapter 11 Trustee filed an adversary proceeding complaint on January 12, 2006, seeking a determination of whether the Debtors should have paid Federal Insurance Contribution Act ("FICA") taxes from 1995 through 1998 on wages paid to medical residents. If the taxes were mistakenly paid, the Debtors would be entitled to a refund of nearly $10 million.

    The United States filed the instant motion to withdraw the reference of the adversary proceeding on November 6, 2006. In it, the United States claims that withdrawal of the reference is mandatory because the adversary proceeding raises issues under both Title 11 and another federal law. Alternatively, the United States argues that permissive withdrawal of the reference is

appropriate.

The Trustee opposes the motion on the ground that it was not timely filed. The Trustee also contends that withdrawal is not mandatory because the Internal Revenue Code was not enacted pursuant to the Commerce Clause. Finally, he argues that the United States has failed to show good cause to justify permissive withdrawal.

Because we find that the motion was not timely filed, we will deny the motion to withdrawal reference.

I.  BACKGROUND

This adversary proceeding was filed by the Trustee, to obtain a refund of nearly $10 million in allegedly mistakenly paid FICA taxes. The Trustee claims that medical residents qualify under the "student exception", making them exempt from the payment of FICA taxes. 26 U.S.C.A. § 3121(b)(10).

The Trustee has pursued a refund of these taxes from the Internal Revenue Service since the inception of AHERF's bankruptcy case. After the IRS suspended its review of the claim and failed to issue a determination on it, the Trustee filed the instant adversary proceeding on January 12, 2006 in the bankruptcy court. In his complaint, the Trustee sought a determination, under section 505 of the Bankruptcy Code, of "...the amount or legality of [the FICA] tax..." 11 U.S.C.A

2

§ 505(a)(1).

The parties have engaged in discovery and motions practice, and have attended numerous status conferences before the bankruptcy court. The bankruptcy court has scheduled a hearing on pending discovery and dispositive motions for December 20, 2006. Now, nearly a year after the adversary proceeding was filed, the United States has sought to withdraw the reference.

II. LEGAL AUTHORITY

The district court has original, but not exclusive, jurisdiction over all bankruptcy proceedings. 28 U.S.C.A. § 1334(b). The bankruptcy court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C.A § 157(a). Once a Title 11 proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C.A. § 157. Under section 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157.

Section 157(d) provides for both mandatory and permissive withdrawal of reference. Regardless of which type of withdrawal is invoked, the motion to withdraw must be timely. However, neither Congress nor the Court of Appeals for the Third Circuit has decided when a motion to withdraw is untimely. Other courts have judged the timeliness of such motions by looking at when the movant first became aware of the facts or circumstances making withdrawal possible under the statute. In re Mahlmann, 149 B.R. 866, 869 (N.D. Ill. 1993) (collecting cases); In re Sevko, Inc., 143 B.R. 114, 116 (N.D. Ill. 1992); In re Giorgio, 50 B.R. 327, 328-29 (D.R.I. 1985). A motion for withdrawal of reference should not "...be used by any party for the purpose of delay." In re Baldwin-United Corp., 57 B.R. 751, 754 (S.D. Oh. 1985) (quoting 130 Cong. Rec. S7621).

## III. DISCUSSION

The United States filed its motion to withdraw on November 6, 2006. The United States asserts several arguments in support of its motion. First, it contends that withdrawal of the reference is mandatory because a court must consider both the Bankruptcy Code, and another federal law, the Internal Revenue Code, in resolving this factually complex matter of first impression. The United States further argues that mandatory withdrawal would streamline litigation and acknowledge the district court's expertise in administering and deciding large or complex cases. Second, the United States argues, in

the alternative, that permissive withdrawal is appropriate in this case because the adversary proceeding is non-core, the United States does not consent to the bankruptcy judge making factual findings, judicial economy would be promoted and delay avoided, and the Trustee would suffer no prejudice as a result of the withdrawal.

Each of these arguments has one thing in common -- it could have been made the day that the adversary proceeding complaint was filed. Nothing changed over the more than ten months that passed before the United States filed its motion to withdraw, other than the United States's apparent growing dissatisfaction and frustration with the bankruptcy court's handling of the matter. The United States has offered no explanation for its delay. We find such unjustified, and lengthy, delay to be unreasonable under the circumstances of this case.

We also find that the unreasonable delay would cause prejudice to both the Trustee, and the courts, were the reference withdrawn now. The parties have been operating under the authority and procedures of the bankruptcy court for nearly a year. The bankruptcy court has expended a significant amount of time and energy on this matter. The Trustee has pursued its claims in the bankruptcy court and seeks an adjudication of them sometime next year. Were the matter withdrawn to this court, its resolution would be substantially delayed as this court became familiar with the facts, parties, and law. The Trustee should not be forced to delay an adjudication of its

rights because the United States chose to delay the filing of his motion, without reason or justification, for nearly a year.

The bankruptcy court has the ability, expertise, and knowledge necessary to handle this case. That court has been presiding over the AHERF bankruptcy case for approximately eight years. It has a high level of familiarity with the structure and history of the relevant organizations, and their finances. It has almost a year of experience with the issues raised in this adversary proceeding.

As the United States has demonstrated in its briefing, although in the course of trying to prove the opposite to be true, the legal issues raised by the adversary proceeding are not complex. The language of the "student exception" is clear and unequivocal. This proceeding will be resolved by applying that language to the factual circumstances of the Debtors' operations and programs. The bankruptcy court is in as good of a, if not a better, position to make such a determination given its familiarity with the Debtors. We have no doubt, nor should the litigants, that the bankruptcy court is fully capable of presiding over this case.

IV. CONCLUSION

For the foregoing reasons, we will not withdraw the reference of this adversary proceeding. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| ALLEGHENY HEALTH EDUCATION | ) | |
| AND RESEARCH FOUNDATION, et al., | ) | Civil Action No. 06-1469 |
| Debtors | ) | Bankruptcy No. 98-25773 |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM J. SCHARFFENBERGER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 06-2031 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## $\underline{\text{ORDER}}$

Therefore, this 16th day of December, 2006, IT IS HEREBY ORDERED that the United States's Motion to Withdraw the Reference [doc. no. 1] is DENIED.

BY THE COURT:

_____, J.

cc:  All Counsel of Record

7